IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:12-CV-063-RLV-DCK

| | |
|---|---|
| **DONNA GAIL PATTERSON,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) **MEMORANDUM AND** |
| v. | ) **RECOMMENDATION** |
| | ) |
| **CAROLYN W. COLVIN,**[1] | ) |
| **Acting Commissioner of Social Security,** | ) |
| | ) |
| Defendant. | ) |
| | ) |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's "Motion For Judgment On The Pleadings" (Document No. 15) and Defendant's "Motion For Summary Judgment" (Document No. 17). This case has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B). After careful consideration of the written arguments, administrative record, and applicable authority, the undersigned will respectfully recommend that Plaintiff's "Motion For Judgment On The Pleadings" be <u>denied</u>; that Defendant's "Motion For Summary Judgment" be <u>granted</u>; and that the Commissioner's decision be <u>affirmed</u>.

## I. BACKGROUND

Donna Gail Patterson ("Plaintiff"), through counsel, seeks judicial review of an unfavorable administrative decision on her application for disability benefits. (Document No. 1). On or about October 20, 2009, Plaintiff filed an application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. § 405 *et*

---

[1] Carolyn W. Colvin is the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the defendant in this suit.

*seq*. (Transcript of the Record of Proceedings ("Tr."). 34, 243-249). At or about the same date, Plaintiff also filed an application for supplemental security income under Title XVI of the Social Security Act, 42 U.S.C. § 1383 *et seq*. (Tr. 34, 250-253). In both applications, Plaintiff alleges an inability to work due to a disabling condition beginning August 25, 2009. (Tr. 34, 243, 250). The Commissioner of Social Security (the "Commissioner" or "Defendant") denied Plaintiff's application initially on January 21, 2010, and again after reconsideration on March 1, 2010. (Tr. 34, 164-174, 176-193). In its "Notice[s] of Reconsideration" the Social Security Administration ("SSA") included the following explanation of its decision:

> The medical evidence shows that your condition is not severe enough to be considered disabling. You are able to think, act in your own interest, communicate, handle your own affairs, and adjust to ordinary emotional stresses without significant difficulties. The records show that, while your impairments are severe, they do not meet the level required by the Social Security Administration. We realize that your condition keeps you from doing any of your past jobs, but it does not keep you from doing less demanding work. Based on your age, education, and past work experience, you can do other work. It has been decided, therefore, that you are not disabled according to the Social Security Act.

(Tr. 176, 184).

Plaintiff filed a timely written request for a hearing on March 18, 2010. (Tr. 34, 194-195). On March 4, 2011, Plaintiff appeared and testified at a hearing before Administrative Law Judge Todd D. Jacobson ("ALJ"). (Tr. 34, 59-81). In addition, G. Roy Sumpter, a vocational expert ("VE"), and Walter Patterson, claimant's attorney, appeared at the hearing. (Tr. 34, 59-61).

The ALJ issued an unfavorable decision on April 6, 2011, denying Plaintiff's claim. (Tr. 31-44). Plaintiff filed a request for review of the ALJ's decision on May 31, 2011, which was denied by the Appeals Council on March 29, 2012. (Tr. 29, 1-3). The April 6, 2011 ALJ

decision thus became the final decision of the Commissioner when the Appeals Council denied Plaintiff's review request. (Tr. 1).

The ALJ notes that Plaintiff previously filed an application for disability insurance benefits on January 9, 2007, alleging a disability beginning December 26, 2006. (Tr. 34). That previous application was denied by an Administrative Law Judge on August 26, 2009; the latest ALJ decision states that it gave "considerable weight to the findings made in the prior decision. Id. See also, (Tr. 82-92).

Plaintiff initiated this action with the filing of a "Complaint" seeking a reversal of the ALJ's determination on May 29, 2012. (Document No. 1). Plaintiff's "Motion For Judgment On The Pleadings" (Document No. 15) and "Plaintiff's Memorandum In Support Of Motion For Judgment On the Pleadings" (Document No. 16), were filed November 19, 2012; and Defendant's "Motion For Summary Judgment" (Document No. 17) and "Memorandum In Support Of The Commissioner's Motion For Summary Judgment" (Document No. 18), were filed January 21, 2013.

Plaintiff filed a "…Response To Defendant's Memorandum In Support Of Motion For Judgment On The Pleadings" (Document No. 19) on January 29, 2013. However, the undersigned notes that the "Pretrial Scheduling Order" did not allow for the filing of responsive briefs, nor did Plaintiff seek leave of the Court to file a response. See (Document No. 11); Local Rule 7.1 (E).

The pending motions for summary judgment are ripe for disposition, and therefore, a memorandum and recommendation to the Honorable Richard L. Voorhees is appropriate.

## II. STANDARD OF REVIEW

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to: (1) whether substantial evidence supports the Commissioner's decision; and (2) whether the Commissioner applied the correct legal standards. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

The Fourth Circuit has made clear that it is not for a reviewing court to re-weigh the evidence or to substitute its judgment for that of the Commissioner – so long as that decision is supported by substantial evidence. Hays, 907 F.2d at 1456 (4th Cir. 1990); see also, Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986); Hancock v. Astrue, 657 F.3d 470, 472 (4th Cir. 2012). "Substantial evidence has been defined as 'more than a scintilla and [it] must do more than create a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Smith v. Heckler, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting Perales, 402 U.S. at 401).

Ultimately, it is the duty of the Commissioner, not the courts, to make findings of fact and to resolve conflicts in the evidence. Hays, 907 F.2d at 1456; King v. Califano, 599 F.2d 597, 599 (4th Cir. 1979) ("This court does not find facts or try the case de novo when reviewing disability determinations."); Seacrist v. Weinberger, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistences in the medical evidence, and that it is the claimant who bears the risk of nonpersuasion."). Indeed, so long as the Commissioner's decision is supported by substantial evidence, it must be affirmed even if the reviewing court disagrees with the final outcome. Lester v. Schweiker, 683 F.2d 838, 841 (4th Cir. 1982).

## III. DISCUSSION

The question before the ALJ was whether Plaintiff was under a "disability" as that term of art is defined for Social Security purposes, between August 25, 2009, and the date of his decision.[2] (Tr. 35). To establish entitlement to benefits, Plaintiff has the burden of proving that she was disabled within the meaning of the Social Security Act. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). The ALJ concluded that Plaintiff was not under a disability at any time from August 25, 2009, through the date of his decision, April 6, 2011. (Tr. 35, 44).

The Social Security Administration has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. § 404.1520(a). The five steps are:

(1) whether claimant is engaged in substantial gainful activity - if yes, not disabled;

(2) whether claimant has a severe medically determinable physical or mental impairment, or combination of impairments that meet the duration requirement in § 404.1509 - if no, not disabled;

(3) whether claimant has an impairment or combination of impairments that meets or medically equals one of the listings in appendix 1, and meets the duration requirement - if yes, disabled;

(4) whether claimant has the residual functional capacity ("RFC") to perform her/his past relevant work - if yes, not disabled; and

(5) whether considering claimant's RFC, age, education, and work experience he/she can make an adjustment to other work - if yes, not disabled.

---

[2] Under the Social Security Act, 42 U.S.C. § 301, et seq., the term "disability" is defined as an: inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995) (quoting 42 U.S.C. § 423(d)(1)(A)).

20 C.F.R. § 404.1520(a)(4)(i-v). In this case, the ALJ determined at the fifth step that Plaintiff was not disabled. (Tr. 43-44).

Specifically, the ALJ first concluded that Plaintiff had not engaged in any substantial gainful activity since August 25, 2009, her alleged disability onset date. (Tr. 36). At the second step, the ALJ found that morbid obesity, non-insulin dependent diabetes mellitus, degenerative disc disease, and osteoarthritis, were severe impairments.[3] (Tr. 36). At the third step, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the impairments listed in 20 C.F.R. 404, Subpart P, Appendix 1. (Tr. 38).

Next, the ALJ assessed Plaintiff's RFC and found that she retained the capacity to perform light work as defined in 20 CFR 404.1567(b), with the following limitations:

> the claimant can stand or walk only two hours in an eight-hour work day and can only occasionally stoop, crouch, or climb ladders, ropes, or scaffolds.

(Tr. 38). This ALJ's RFC finding on April 6, 2011, is the same as the previous ALJ's RFC determination on August 26, 2009. (Tr. 89). In making his finding, the ALJ specifically stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence, based on the requirements of 20 CFR 404.1529 and 416.929 and SSRs 96-4p and 96-7p." Id. The ALJ further opined that "he considered opinion evidence in accordance with the requirements of 20 CFR 404.1527 and 416.927 and SSRs 96-2p, 96-5p, 96-6p and 06-3p. Id. The ALJ opined that he had taken into account the effects of Plaintiff's obesity on her back, knees, and diabetic

---

[3] The determination at the second step as to whether an impairment is "severe" under the regulations is a *de minimis* test, intended to weed out clearly unmeritorious claims at an early stage. See Bowen v. Yuckert, 482 U.S. 137 (1987).

6

condition, but did not find additional limitations were warranted by her obesity. (Tr. 42). The ALJ concluded that his RFC "assessment is supported by the claimant's treating notes and report of daily activities." Id.

At the fourth step, the ALJ found that Plaintiff could not perform her past relevant work as a cashier. (Tr. 42-43). At the fifth and final step, the ALJ concluded based on the testimony of a vocational expert and "considering the claimant's age, education, work experience, and residual functional capacity" that jobs existed in significant numbers in the national economy that Plaintiff could perform. (Tr. 43). Specifically, the vocational expert testified that according to the factors given by the ALJ, occupations claimant could perform included a bench assembler; a final inspector; and an office helper. (Tr. 43-44, 77-79). Therefore, the ALJ concluded that Plaintiff was not under a "disability," as defined by the Social Security Act, at any time between August 25, 2009, and the date of his decision, April 6, 2011. (Tr. 44).

Plaintiff on appeal to this Court makes the following assignments of error: (1) the ALJ failed to properly apply Social Security's Medical Vocational Guidelines; and (2) the ALJ improperly evaluated the medical opinions. (Document No. 16). The undersigned will discuss each of these contentions in turn.

### A.   Medical Vocational Guidelines / RFC Finding

In her first assignment of error, Plaintiff asserts that the ALJ "committed reversible error by failing to properly apply Social Security's Medical Vocational Guidelines." (Document No. 16, p.10). However, as Defendant argues, the essence of Plaintiff's challenge appears to be that the ALJ should have classified his RFC finding as limiting Plaintiff to sedentary work, instead of light work. (Document No. 18, p.11). Plaintiff acknowledges that the ALJ found that she "had the RFC to perform light work," and "limited her to walking and standing no more than 2 hours

in an 8 hour work day." (Document No. 16, p.10). Plaintiff then asserts that the "regulations state that in order for an individual to do a full range of work at a given exertional level, the individual must be able to perform *substantially all* of the exertional and nonexertional functions required in work at that level." Id. (emphasis in original).

As noted above, and by Defendant's brief, the ALJ did *not* find that Plaintiff could perform the "full range" of light work, rather, he found she could perform light work as defined in 20 CFR 404.1567(b), with limitation to standing or walking only two hours in an eight-hour work day, and only occasional stooping crouching, or climbing. (Tr. 38); (Document No. 18, p.11). In addition, the ALJ specifically opined that

> When the claimant cannot perform substantially all of the exertional demands of work at a given level of exertion and/or has nonexertional limitations, the medical-vocational rules are used as a framework for decisionmaking …
>
> **the claimant's ability to perform all or substantially all of the requirements of this level of work has been impeded by additional limitations**. To determine the extent to which these limitations erode the unskilled light occupational base, the Administrative Law Judge asked the vocational expert whether jobs exist in the national economy for an individual with the claimant's age, education, work experience, and residual functional capacity.

(Tr. 43) (emphasis added).

Plaintiff contends that the ALJ "incorrectly classified" Plaintiff's RFC as light, when he restricted her to walking and standing requirements common to sedentary work. (Document No. 16, pp.11-12). Plaintiff concludes that "based on an RFC of sedentary, a finding of disabled would be directed by the Medical Vocational Guidelines in this case." (Document No. 16, p.11). In support of their positions, both parties and the ALJ cite to 20 C.F.R. § 404.1567, which provides the following definitions:

8

> (a) Sedentary work. Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.
>
> (b) Light work. Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, **or when it involves sitting most of the time with some pushing and pulling of arm or leg controls**. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time.

20 C.F.R. § 404.1567 (a)-(b) (emphasis added).

Based on the foregoing, including the plain language of 20 C.F.R. § 404.1567, the undersigned is not persuaded that the ALJ erred by (1) classifying Plaintiff as capable of light work with certain limitations; and/or (2) in using the Medical Vocational Guidelines as a framework, along with the testimony of a VE, to identify jobs Plaintiff was capable of doing. It appears that the ALJ's RFC finding is supported by substantial evidence, and is identical to the previous ALJ's RFC determination. See (Tr. 38, 89). Contrary to Plaintiff's assertions, the undersigned does not find that § 404.1567 *requires* an ALJ who limits a claimant to two (2) hours of walking or standing in a workday, to classify such an individual's ability as sedentary. Moreover, Plaintiff has not cited any caselaw supporting such a finding.

### B. Medical Opinions

Next, Plaintiff asserts that the "ALJ improperly evaluated the medical opinions in this case." (Document No. 16, p.12). In pertinent part, Plaintiff argues that the ALJ's alleged failure

to find Plaintiff had mental limitations in the RFC was "unacceptable" and that he did so without relying on any evidence of record. (Document No.16, p.13). Specifically, she contends that the ALJ "gave no weight to Dr. Duszlak's opinion." Id. Plaintiff further argues that the "ALJ also erred by ignoring the opinions of both DDS non-examining psychologists." (Document No.16, p.14). Finally, Plaintiff concludes that "the ALJ unjustifiably **ignored all** of the psychiatric opinions of record and his RFC is flawed for failing to take mental limitations into account." Id. (emphasis added).

While Plaintiff may disagree with the ALJ's conclusions and the weight he afforded certain medical opinions, the undersigned finds the above arguments to be misleading. Review of the ALJ decision indicates that the ALJ: did consider the evidence of record, including medical opinions; did specifically consider the DDS opinions; gave Dr. Duszlak's opinion *little* weight, rather than no weight as asserted, and, moreover, offered reasonable explanations for how he weighed the evidence.

In examining the issue of Plaintiff's mental health, the ALJ notes at the outset that "the claimant has not alleged a 'severe' mental impairment in her claim for disability." (Tr. 37). Nevertheless, the decision goes on to discuss the ALJ's concurrence with the prior ALJ decision – that Plaintiff's medically determinable mental impairments had not caused more than minimal limitation in her ability to perform basic mental work activities – and other specific evidence in the record. Id.

The undersigned finds that the following excerpts from the ALJ's decision contradict Plaintiff's arguments and conclusions in her second allegation of error. In his step 3 consideration, the ALJ included the following analysis:

> The undersigned notes there is no evidence the claimant has received any mental health treatment or taken any medications to

treat her depressive symptoms since the alleged onset date. Specifically, the undersigned finds that the evidence shows that the claimant's symptoms of anxiety and depression continue to cause no functional limitations in her ability to perform activities of daily living or function socially, and no more than mild limitation in her ability to maintain concentration, persistence, or pace. Specifically, the claimant told Dr. Duszlak that she has trouble with memory loss, including counting money and recalling people. (Exhibit B7F, p.2). However, Dr. Duszlak noted, "She relates her history well without a lot of problems remembering things ...." (Exhibit B7F, p.8). Dr. Duszlak opined the claimant "does not appear to have had major problems in the past," and further indicated there were periodic events that may have contributed to intermittent worsening of her depressive symptoms, including the death of her brother and dog, and her mother's development of breast cancer. (Exhibit B7F, p.7). Dr. Duszlak also opined the claimant's depressive symptoms are treatable and may improve with antidepressant medication; however, the undersigned notes the record shows the claimant declined to take antidepressants in 2008. (Exhibit B7F, p.8; B2F, p.3). Further, Dr. Duszlak concluded the claimant appeared capable of performing simple, routine, and repetitive tasks. (Exhibit B7F, p.9). The record also shows the claimant has not experienced any episodes of decompensation. Therefore, the undersigned find that the claimant's symptoms do not interfere with her ability to understand, carry out, and remember simple instructions, use judgment, respond appropriately to supervisors, co-workers, and usual work situations, or deal with changes in a routine work setting. 20 C.F.R. § 404.1521.

(Tr. 37).

In explaining his RFC finding, the ALJ offered additional pertinent information about his consideration of Plaintiff's mental health:

> Dr. Duszlak concluded the claimant can perform simple and repetitive tasks, but may have trouble with detailed or complex tasks, focusing, and memory. (Exhibit B7F, p.9). However, Dr. Duszlak opined the claimant can accept instructions from supervisors well, interact reasonably well with coworkers and the public, and work on a regular basis with only mild difficulty in dealing with stress. (Exhibit B7F, p.9).
> . . .

11

> None of the claimant's physicians indicated that the claimant has any specific functional limitations due to her physical or mental impairments.
>
> . . .
>
> In considering the severity and limiting effects of the claimant's mental impairments, the undersigned **has considered the opinions of the State agency psychological consultants**. The undersigned has given their opinions little weight because they are not supported by the medical evidence of record that shows that the claimant has not complained of any mental impairments, sought treatment for or taken any medications for the same since 2008, and even then, the claimant refused to take an antidepressant. Additionally, the undersigned finds Dr. Duszlak's opinions regarding the claimant's limitations are not supported by the medical evidence of record. The undersigned notes although the claimant complained of memory loss to Dr. Duszlak, she has made no such complaints to any of her treating physicians. Further, Dr. Duszlak acknowledged the claimant was able to recount her history well. Additionally, although she complained she had trouble counting money in her previous jobs, in a Disability Report dated February 20, 2010, the claimant reported she never had her cash drawer come up short. (Exhibit B3E, p.2). Dr. Duszlak also acknowledged the claimant's depressive symptoms seemed to wax and wane due to life events and opined her condition is treatable. Further, although Dr. Duszlak opined the claimant has a personality disorder, she met with the claimant on only one occasion for several hours, and therefore, the undersigned has given this opinion **little weight** as it is not supported by the medical evidence of record. Accordingly, the undersigned finds the claimant's mental impairments pose only minimal limitations on her ability [to] work, and therefore, do not warrant any additional limitations beyond those established in the residual functional capacity previously outlined in this decision.

(Tr. 40-42) (emphasis added).

Based on the foregoing, as well as the arguments in Defendant's brief, the undersigned is not persuaded that the ALJ improperly evaluated the medical opinions in this case. Plaintiff's arguments that the ALJ ignored medical opinions, and gave "no weight" to Dr. Duszlak's opinion, and failed to take mental limitations into account, are without merit.

## IV. CONCLUSION

The undersigned finds that there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," and thus substantial evidence supports the Commissioner's decision. Richardson v. Perales, 402 U.S. 389, 401 (1971); Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005). As such, the undersigned will recommend that the Commissioner's decision be affirmed.

## V. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that: Plaintiff's "Motion For Judgment On The Pleadings" (Document No. 15) be **DENIED**; Defendant's "Motion For Summary Judgment" (Document No. 17) be **GRANTED**; and the Commissioner's determination be **AFFIRMED**.

## VI. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed **within fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to de novo review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: May 2, 2013

David C. Keesler
United States Magistrate Judge