IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:12-CV-063-RLV-DCK

| | |
|---|---|
| DONNA GAIL PATTERSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND ORDER** |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the Court on the Plaintiff's Motion for Summary Judgment and Memorandum in Support of Summary Judgment (Documents 15 and 16), filed on November 19, 2012, and Defendant's Motion for Summary Judgment and Memorandum in Support of Summary Judgment (Documents 17 and 18), filed on January 21, 2013.

Pursuant to 28 U.S.C. § 636(b)(1)(B), United States Magistrate Judge David C. Keesler was designated to consider and recommend disposition of the aforesaid motions. Accordingly, in a Memorandum and Recommendation (M & R) filed on May 3, 2013, the Magistrate Judge recommended that the Court deny Plaintiff's motion, grant Defendant's motion, and affirm the Commissioner's decision denying benefits. Plaintiff timely filed an Objection to the Memorandum and Recommendation on May 3, 2013, and Defendant timely filed a Reply to Plaintiff's Objection on May 20, 2013.

I.      Standard of Review

In reviewing a denial of benefits under the Social Security Act, the Court may not conduct a *de novo* review of the decision of the Administrative Law Judge (ALJ) but rather must

examine the record to determine whether the Commissioner's findings of fact are supported by substantial evidence and the decision is in accordance with the law. 42 U.S.C. § 405(g); *Hays v. Sullivan,* 907 F.2d 1453, 1456 (4th Cir.1990). The district court reviews *de novo* only those portions of the Memorandum and Recommendation to which specific objections have been raised. 28 U.S.C. § 636(b)(1). *De novo* review is not required when an objecting party raises only general or conclusory objections, or when the objection is essentially identical to an argument raised in a motion for summary judgment without further reference to the Memorandum and Recommendation. *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *Eaker v. Apfell*, 152 F. Supp. 2d 863, 864 (W.D.N.C. 1998). Accordingly, the Court conducts a careful review of the entire Memorandum and Recommendation, as well as a *de novo* review of those issues specifically raised in objection to the Memorandum and Recommendation.

II. Objections to the Memorandum and Recommendation

Plaintiff specifically objects to the M & R on the basis that the Magistrate Judge "refused" to consider Plaintiff's Response to Defendant's Memorandum (Document 19) and that this error prejudiced Plaintiff's claim (Document 21). Plaintiff asserts that because the Magistrate Judge did not consider Plaintiff's Response to Defendant's Memorandum, the Magistrate Judge improperly adopted Defendant's argument regarding *Haynes v. Barnhart*, 416 F.3d 621 (7th Cir. 2005) in Defendant's Motion for Summary Judgment (Document 18) without considering or addressing Plaintiff's argument that Defendant's reliance on *Haynes v. Barnhart* is misplaced. Document 21.

The Magistrate Judge did not explicitly "refuse" to address said response in the Memorandum and Recommendation; he merely noted that the response was not allowed or contemplated by the scheduling order. M & R, page 3. Regardless, the Pretrial Scheduling

Order (Document 11), when read in conjunction with Local Rule 7.1(E), limits the parties to filing cross-motions for summary judgment. It is clear that Plaintiff was not allowed to submit a response to Defendant's Memorandum in Support of Summary Judgment. Therefore, Plaintiff's specific objection that the Magistrate Judge erred by not addressing Plaintiff's Response to Defendant's Memorandum is devoid of merit. Plaintiff raised no other specific objections.

In conjunction with Plaintiff's objection regarding the responsive brief, Plaintiff objected to the Magistrate Judge's treatment of *Haynes* as presented by Defendant's Memorandum in Support of Summary Judgment. *Haynes* is not cited in the Magistrate Judge's Memorandum and Recommendation. Moreover, Plaintiff's objection concerning *Haynes* is an extension of an argument raised at summary judgment concerning Plaintiff's residual functioning capacity. Accordingly, Plaintiff's objection regarding *Haynes* is not a specific objection to any portion of the M & R.

Plaintiff's further objections relate only to the arguments that were raised in support of the Plaintiff's Motion for Summary Judgment. Document 16. Specifically, Plaintiff asserted that the Administrative Law Judge improperly classified Plaintiff as having a residual functioning capacity (RFC) of "light" instead of "sedentary" and that "[t]he ALJ did not address the State Agency doctor's classification.... [h]e was simply trying to characterize Ms. Patterson's RFC as "light" to avoid a directed finding of disabled...." Document 21.

As required, the Court has conducted a careful review of the record in determining that the Magistrate Judge correctly found that the Commissioner's decision was supported by substantial evidence and is in accordance with the law.

III. Background of Law

The Social Security Administration (SSA) has established a five-step evaluation process, which proceeds sequentially, for determining whether an individual is disabled[1]. 20 C.F.R. §§ 404.1520(a) and 416.920(a). If it is determined that a claimant is or is not disabled at one step, the SSA or Administrative Law Judge (ALJ) will issue a decision without proceeding to the next step in the evaluation. A claimant's residual functional capacity (RFC) is determined after step three has been completed, but before step four is begun, in order to determine what level of physical and mental exertion the claimant can perform at work. 20 C.F.R. § 404.1545(a) and § 416.945(a). The ALJ determines the RFC by assessing claimant's ability to do physical and mental activities on a sustained basis, despite limitations from identified impairments and claimed symptoms that are reasonably consistent with objective medical evidence and supported by other evidence. 20 C.F.R. §§ 404.1529, 404.1545, 416.929, and 416.945.

At the first step, the presiding Administrative Law Judge Todd D. Jacobson determined that Plaintiff met the disability insured status requirements as she had not engaged in substantial gainful activity since the alleged onset date. Tr. 36. At the second and third steps, the ALJ determined that Plaintiff suffered from several severe impairments—morbid obesity, non-insulin dependent diabetes mellitus, degenerative disc disease, and osteoarthritis—but that none of these

---

[1] 20 C.F.R. §§ 404.1520 and 416.920 articulate the five-step evaluation process: (1) if the claimant is performing substantial gainful activity, the SSA will automatically find that claimant is not disabled at the first step; (2) if the claimant does not have a medically determinable physical or mental impairment, or combination of impairments, that is severe and meets the duration requirement, the SSA will automatically find that claimant is not disabled at the second step; (3) if the severity and nature of claimant's impairment equals one of those listed in 20 CFR 404, Subpart P, App. 1, the SSA will automatically find that claimant is disabled at the third step, or the evaluation will proceed to assess claimant's residual functional capacity; (4) considering claimant's residual functional capacity, if claimant can perform past relevant work, the SSA will automatically find that claimant is not disabled at the fourth step; (5) considering claimant's residual functional capacity, age, education and work experience, if claimant can adjust to perform other work, the SSA will find that claimant is not disabled at the fifth step, or, if claimant cannot adjust to perform other work, the SSA must find that claimant is disabled.

impairments met a disability listing. Tr. 36–38. Upon consideration of Plaintiff's medical impairments and complaints, the ALJ then determined that Plaintiff had the RFC to perform light work as defined by 20 C.F.R. § 404.1567(b)[2] with the limitation that Plaintiff can walk or stand no more than two hours during a workday and only occasionally requires Plaintiff to stoop, crouch, or climb. Tr. 38–42. At step four, the ALJ found that Plaintiff cannot perform her past relevant work as a cashier. Tr. 42–43. However, at the fifth step, the ALJ concluded that based on testimony of a vocational expert (VE) and considering Plaintiff's RFC, age, education and work experience she could perform other work and find employment in representative occupations such as bench assembler, final inspector, or office helper. Tr. 43–44.

IV. Discussion

Plaintiff raised two primary assignments of error concerning the ALJ's determination that Plaintiff is not disabled in both the Memorandum for Summary Judgment and in the Objection to the M&R. Document 16 and 21. First, Plaintiff asserted that the ALJ did not properly apply the Social Security Medical Vocational Guidelines and that Plaintiff should have been classified as having maximum sustained work capacity for "sedentary" work instead of "light" work. Second, Plaintiff contends that the ALJ failed to properly evaluate medical opinions and that proper evaluation would have resulted in a more restrictive RFC.

A. Medical Vocational Guidelines and Residual Functional Capacity

Plaintiff first asserted that the ALJ erred by failing to properly apply the Social Security Medical Vocational Guidelines. Document No. 16, p. 10. Considering Plaintiff's RFC and other relevant factors, no directed finding is required under the Medical Vocational Guidelines. 20

---

[2] As defined by 20 C.F.R. § 404.1567(b), light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds. Light work may involve a good deal of walking or standing, or it could involve sitting most of the time with some pushing and pulling of arm or leg controls.

5

C.F.R. Pt. 404, Subpt. P, App. II, § 202.13. Therefore, Plaintiff essentially argued that the ALJ should have found that Plaintiff is limited to sedentary work, because she can walk or stand for only two hours a day and cannot perform 'substantially all' of the exertional functions required for light work. Document No. 16, p. 10-12. A directed finding of disabled would be required by the Medical Vocational Guidelines if Plaintiff was limited to sedentary work. 20 C.F.R. Pt. 404, Subpt. P, App. II, Rule 201.12.

The applicable regulation does not specifically require that a claimant limited to two hours of walking or standing in a workday be classified as sedentary. 20 C.F.R. § 404.1567. According to 20 C.F.R. § 404.1567(a), sedentary work requires occasional walking or standing, generally no more than two hours within an eight-hour workday. 20 C.F.R. § 404.1567(a); Soc. Sec. Ruling 83-10. Light work may involve a good deal of walking or standing, or it could involve sitting most of the time with some pushing and pulling of arm or leg controls[3]. 20 C.F.R. § 404.1567(b). Plaintiff asserted that the ALJ was required to determine that Plaintiff's RFC was sedentary because Plaintiff could not perform "substantially all of the exertional and nonexertional functions required" for light work. Document 16, p. 10. However, the ALJ did not find that Plaintiff could perform a "full range" or "substantially all" of the exertional requirements of light work. Tr. 38, 42–44. Instead, the ALJ found that Plaintiff's ability to perform light work was limited to jobs that did not require Plaintiff to stand or walk for more than two hours a day, such as those identified by the VE. Tr. 42–44.

In Defendant's Memorandum in Support of the Commissioner's Motion for Summary Judgment (Document 18), Defendant presented *Haynes* to support his argument that even though Plaintiff does not have the residual functional capacity (RFC) to perform the "full range" of

---

[3] Light work also "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds." 20 § C.F.R. 404.1567(b) ("To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.").

exertions at the assigned RFC level, the ALJ was not precluded from classifying Plaintiff as being able to perform a limited range of light work. *Haynes*, 416 F.3d at 627–628. In *Haynes*, the claimant unsuccessfully argued that because he could not perform the full range of light work he fell squarely within the sedentary classification, so that the Medical Vocational Guidelines directed a finding of disabled. *Haynes*, 416 F.3d at 627. Plaintiff disparages Defendant's reliance on *Haynes* because in *Haynes* the claimant was limited to walking or standing between three and four hours per day, a value which Plaintiff asserts is between sedentary and light work, whereas Plaintiff's limitation necessarily restricts Plaintiff to sedentary work. Document 21.

In his recommendation, the Magistrate Judge did not rely upon or consider *Haynes* in reaching his conclusion, and there is no evidence that the Magistrate Judge adopted Defendant's argument regarding *Haynes* as Plaintiff alleged. Instead, the Magistrate Judge concluded that the plain language of 20 § C.F.R. 404.1567(b) does not require that a claimant be classified as sedentary, even if the claimant is limited to two hours of walking or standing in a workday. A careful review of the record and applicable law upholds the ALJ's determination that Plaintiff has the RFC to perform light work with further walking and standing restrictions, on the basis that the determination is in accordance with the relevant legal standards and supported by substantial evidence. M&R, p. 9.

In the present case, the Medical Vocational Guidelines should not be strictly applied to direct a finding concerning disability. 20 C.F.R. Pt. 404, Subpt. P, App. II, § 200.00(a) ("Where any one of the findings of fact does not coincide with the corresponding criterion of a rule, the rule does not apply in that particular case and, accordingly, does not direct a conclusion of disabled or not disabled."); SSR 83–12. When the Medical Vocational Guidelines do not apply, the assistance of a VE is recommended for deciding if the remaining occupational base is

sufficient to support a conclusion as to disability. 20 C.F.R. Pt. 404, Subpt. P, App. II, § 200.00(a); SSR 83–12. With assistance of the VE's testimony, the ALJ reached the decision that Plaintiff is not disabled and can perform the requirements of certain occupations. Tr. 43, 44 and 77–79. Careful review upholds the Magistrate Judge's determination that: 1) the ALJ's decision not to rely on the Medical Vocational Guidelines is in accordance with the law, and 2) the ALJ's determination that Plaintiff is not disabled is supported by substantial evidence since the VE limited his testimony to only those light jobs that appropriately accounted for Plaintiff's specific limitations. *See Courtney v. Astrue*, No. 2:11-cv-028 (W.D.N.C. May 30, 2012).

    B.    Evaluation of Medical Opinions

Plaintiff also asserted that the ALJ erred by failing to properly evaluate the presented medical opinions in accordance with 20 C.F.R. § 404.1527, which resulted in a less restrictive RFC classification. Document 16, p. 12. Specifically, Plaintiff argued that the ALJ erred by failing to give full weight to both consultative examiners' opinions concerning certain functional limitations; that the ALJ gave no weight to Dr. Duszlak's opinion; and that the ALJ ignored other medical opinions on the record. Document 16, p. 12–13. According to 20 C.F.R. § 404.1527(c), all medical opinions must be evaluated and given weight in accordance with the factors enumerated by the regulation, unless the opinion of a treating medical source is given controlling weight. Generally, more weight is given to an opinion by an examining or treating medical source. 20 C.F.R. § 404.1527(c)(1)(2). Additionally, more weight is accorded to an opinion to the extent that it is supported by relevant evidence and a good explanation, as well as consistent with "the record as a whole." 20 C.F.R. § 404.1527(c)(3)(4).

In the present case, no opinion was accorded controlling weight. The ALJ was entitled to weigh each physician's opinion against Plaintiff's medical record and medical history, and could

give weight to the opinion according to the extent it was reasonably supported by and consistent with each. 20 C.F.R. § 404.1527(c). Therefore, the ALJ was not required to adopt in whole or in part any of the contested medical opinions in determining Plaintiff's RFC or postural and lifting restrictions to the extent that they were inconsistent with other medical opinions on record or Plaintiff's daily reported activities.

In determining that Plaintiff's mental impairments were not severe impairments that limited her functional capacity, the ALJ relied substantially on Dr. Duszlak's general evaluation. Tr. 40. The ALJ gave Dr. Duszlak's opinion little weight, rather than no weight as Plaintiff asserted. Additionally, the ALJ was reasonable to assign little weight to the psychological opinions on record in considering the severity and limiting effects of Plaintiff's mental impairments, as he found that those opinions were not supported by the medical evidence of record. Tr. 40–42. Careful review upholds the Magistrate Judge's decision that substantial evidence supports the finding that the ALJ properly evaluated medical opinions in this case.

V. Conclusion and Order

Upon review, this Court agrees with the recommendation of Magistrate Judge Keesler.

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Summary Judgment be **DENIED**; that Defendant's Motion for Summary Judgment be **GRANTED**; and that the Commissioner's denial of benefits be **AFFIRMED**.

Signed: June 14, 2013

Richard L. Voorhees
United States District Judge